IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAYMOND L. HILL, | ) | 8:06CV742 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Raymond L. Hill's ("Hill") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) After initial review, the parties were ordered to submit briefs on the merits of Hills' claims. (Filing Nos. 10 and 13.) The parties have submitted briefs as ordered (filing nos. 14 and 16) and Respondent has also submitted state court records. (Filing No. 9.)

Liberally construing the allegations of Hill's Petition and his Brief on the merits (filing no. 16), Hill argues that his Petition should be granted because his trial and sentencing attorney was ineffective. In particular, Petitioner alleges that his trial and sentencing counsel did not advise Petitioner of his right to arraignment, improperly advised Petitioner to waive his right to a jury trial, did not inquire into Petitioner's mental condition, and prevented Petitioner from viewing police reports and other case-related information (the "Habeas Claims"). (*Id.* at CM/ECF pp. 5-14.)

### I. BACKGROUND

After a bench trial on December 20, 2000, Petitioner was found guilty of one count of Burglary, a class III felony, and one count of Making Terroristic Threats, a class IV felony. (Filing No. 9, Attach. 2, at CM/ECF pp. 109-110.) Petitioner was

thereafter sentenced to serve 15 to 20 years for Burglary and one to five years for Making Terroristic Threats. (Filing No. 9, Attach. 6, at CM/ECF pp. 22-23.) On direct appeal, Petitioner raised two issues–that his sentence was excessive and that the evidence was insufficient to support the convictions. (Filing No. 9, Attach. 9, at CM/ECF pp. 4-5.) Petitioner's conviction and sentence were affirmed by the Nebraska Court of Appeals in an unpublished opinion. (*Id.* at CM/ECF pp. 58-61.) A petition for further review was submitted to the Nebraska Supreme Court, but was denied on April 17, 2002. (*Id.*) None of the Habeas Claims were presented on direct appeal. (*Id.* at CM/ECF pp. 1-25.)

On January 17, 2003, Petitioner filed a pro se Verified Motion to Vacate and Set Aside Convictions ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 9, Attach. 7, at CM/ECF pp. 16-26.) In his Post Conviction Motion, Petitioner asserted identical claims as the Habeas Claims.[1] (*Id.*) On March 17, 2003, the District Court of Douglas County, Nebraska denied Petitioner's Post Conviction Motion without an evidentiary hearing and also denied the appointment of counsel. (*Id.* at CM/ECF pp. 48-49.) In its order, the Douglas County, Nebraska District Judge stated that Petitioner was not entitled to post-conviction relief because Petitioner "freely, knowingly, intelligently and voluntarily waived his right to a jury trial" and because "[t]here is no evidence that [Petitioner] was incompetent to stand trial." (*Id.* at CM/ECF p. 48.)

Petitioner appealed the post conviction ruling pro se. (Filing No. 9, Attach. 10, at CM/ECF pp. 1-21.) On appeal, Petitioner assigned two errors–that the Douglas County District Court erred by failing to appoint counsel and by failing to grant an evidentiary hearing prior to denying post-conviction relief. (*Id.* at CM/ECF p. 6.) Petitioner generally argued the merits of his Post Conviction Motion in his appellate

---

[1] It appears that Petitioner simply attached a copy of his Post Conviction Motion to his Petition and labeled it "Statement of Facts."

brief, which are the same claims as the Habeas Claims. (*Id.* at CM/ECF pp. 1-21.) The Nebraska Court of Appeals affirmed the Douglas County, Nebraska District Court's decision in part, and reversed in part. (*Id.* at CM/ECF pp. 39-43.) In particular, the Nebraska Court of Appeals held that Petitioner was not entitled to counsel or an evidentiary hearing regarding his "arraignment claims," but that he was entitled to counsel and an evidentiary hearing regarding his "competency" claims. (*Id.*)

The issues relating to ineffective assistance of counsel with respect to Petitioner's competency were remanded to the Douglas County, Nebraska District Court. That court appointed counsel and held an evidentiary hearing on July 28, 2005. (Filing No. 9, Attach. 8, at CM/ECF p. 16.) After hearing the evidence, the Douglas County, Nebraska District Court denied post conviction relief. (*Id.* at CM/ECF pp. 16-21.) Petitioner again appealed, this time through appointed counsel, again generally assigning as error and arguing the merits of his Post Conviction Motion, which are the same claims as the Habeas Claims. (Filing No. 9, Attach. 11, at CM/ECF pp. 1-29.) The Nebraska Court of Appeals summarily affirmed the Douglas County, Nebraska District Court's decision. (Filing No. 9, Attach. 8, at CM/ECF pp. 1-2.) Petitioner did not file a petition for further review with the Nebraska Supreme Court. (*Id.*) Petitioner then filed this action on December 5, 2006. (Filing No. 1.)

## II.  ANALYSIS

Respondent argues that all of Petitioner's claims are unexhausted and procedurally defaulted. In response, Petitioner does not dispute that his claims are unexhausted, but argues that he is entitled to a "cause and prejudice" exception for the procedural default. (Filing No. 16 at CM/ECF p. 4.)

### A.  **Exhaustion/Procedural Default**

3

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.*

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F. 3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins v. Kenney*, 410 F.3d 451, 456 n. 1 (8th Cir. 2005). Under Nebraska state law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003); *accord Hall v. State,* 646 N.W.2d 572, 579 (Neb. 2002). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Here, Petitioner did not invoke "one complete round" of the Nebraska appellate review process. Petitioner did not present his Habeas Claims in his direct appeal. Although he did present each of his Habeas Claims in his Post Conviction Motion and both of the appeals that followed, Petitioner never presented his Habeas Claims in a petition for further review to the Nebraska Supreme Court and the time in which to do so has passed. (Filing No. 9, Attach. 8, at CM/ECF pp. 1-2.) Petitioner simply has not exhausted his Habeas Claims and is now barred from doing so. *See Lotter*, 664 N.W.2d at 922; *Hall,* 646 N.W.2d at 579; *Ortiz*, 670 N.W.2d at 792. Therefore, Petitioner's Habeas Claims are procedurally defaulted.

### B.    <u>Cause and Prejudice</u>

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although

there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

Petitioner argues that this court should reach the merits of his Habeas Claims because he was "told by counsel and those inmate legal aides that it is not necessary that a petition for further review be filed when the direct appeal is affirmed." (Filing No. 16 at CM/ECF p. 4.) Liberally construed, this is an argument that Petitioner's counsel during his post conviction proceedings was ineffective in failing to appeal. As set forth above, ineffective post conviction counsel does not excuse a procedural default. Petitioner has not submitted any argument or evidence which shows that his counsel was objectively impeded from filing a petition for further review.[2] Because Petitioner has not demonstrated cause and prejudice to excuse his procedural default, the Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1.     Petitioner Raymond L. Hill's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

---

[2] Petitioner does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has carefully reviewed the voluminous 645 pages of state court records in this matter and finds that the record does not support such claims.

2. A separate judgment will be entered in accordance with this memorandum and order.

March 31, 2008.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Joseph F. Bataillon
　　　　　　　　　　　　　　　　Chief United States District Judge